IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONDERRIOUS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-406-RAH-SMD |
| ) | [WO] |
| JEREMY PELZER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Previously, the Court ordered the parties to show cause why the case should not be transferred to the United States District Court for the Northern District of Alabama, Northern Division.  (Doc. 84.)  In response, Defendants request the transfer while Plaintiff voices tepid opposition.  (Docs. 86 & 87.)  The case will be transferred to the Northern District of Alabama, Northern Division.

### II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Personal jurisdiction is uncontested, and venue is appropriate in the Middle District of Alabama.  *See* 28 U.S.C. § 1391.

### III. BACKGROUND

Donderrious Williams is an inmate in the custody of the Alabama Department of Corrections (ADOC) since 2007.  Although he is now incarcerated at the William E. Donaldson Correctional Facility in Bessemer, Alabama, the events giving rise to this lawsuit occurred between December 2018 and early 2022, when Williams was incarcerated at the Limestone Correctional Facility in Harvest, Alabama (Limestone).  (Doc. 66 at 2.)

1

In a torrent of allegations about his treatment at Limestone, including two disciplinary segregations, alleged interference with his channels of communication to his attorney, and an assault correctional officers purportedly committed against him because he refused to cut his lengthy hair and beard for religious reasons, Williams brings eleven claims for relief against fourteen defendants, ranging in rank from correctional officer to the ADOC commissioner. (*See generally* doc. 66.) All Defendants are residents of Alabama and all of them, except ADOC Commissioner John Q. Hamm, worked at Limestone during the relevant period. (*Id.*)

## IV. DISCUSSION

As relevant here, venue is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(1) & (2). All here agree that the Middle District of Alabama is a proper venue for the case because at least one defendant resides within it and all defendants are residents of Alabama. All here also agree that the Northern District of Alabama is a proper venue because several of the named Defendants reside there and all events giving rise to Williams's claims occurred there.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). The decision to transfer a case is "left to the sound discretion of the trial court." *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991). When the parties are given an opportunity to present their views, the district court may sua sponte transfer a case under § 1404(a). *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

Several case-specific factors determine whether another venue is more convenient and serves the interest of justice:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) [the suggested] forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (holding that the transfer analysis requires the Court to "balance a number of case-specific factors" in an "individualized, case-by-case consideration of convenience and fairness").

Williams chose the Middle District of Alabama, and he is correct that the Court generally accords "considerable deference" to his choice of forum. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Though where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998). Even so, the other factors must "clearly outweigh" Williams's chosen forum. *Id.* at 1359. Together with that deference, Williams hangs his hat on his assertion that "[s]everal central documents in this case are held" at the ADOC headquarters in Montgomery, Alabama, within the Middle District of Alabama. (Doc. 87 at 3.) Maybe so, but all other factors strongly favor transfer to the Northern District of Alabama, particularly the interests of justice and the convenience of the witnesses, the "most important factor" in the analysis. *Gould*, 990 F. Supp. at 1359.

All events giving rise to this action occurred at the Limestone Correctional Facility in Harvest, Alabama, within the Northern Division of the Northern District of Alabama, including Williams's two disciplinary segregations, alleged interference with his channels of communication to his attorney, and an assault

3

correctional officers purportedly committed against him because he refused to cut his lengthy hair and beard for religious reasons. (*See generally* doc. 66.) And, except for Hamm, most or all other named defendants reside near Limestone, within the Northern District of Alabama. Williams himself is now housed at the William E. Donaldson Correctional Facility in Bessemer, Alabama, within the Northern District of Alabama. (*Id.*) Most or all non-party witnesses reside at or near Limestone too. They include any correctional-officer-witnesses who played a role in or witnessed the events of which Williams complains, and any inmates at Limestone who witnessed the events made the basis of the Complaint. Given the custodial status of those inmate-witnesses, there can be little doubt that Huntsville, Alabama is a much more convenient and appropriate location for purposes of transporting them to participate in discovery or trial than Montgomery, Alabama. Even a brief glance at the map shows Limestone is much closer to Huntsville than it is to Montgomery. And given the well-publicized staffing issues at the ADOC, it is much more convenient and appropriate for any correctional-officer-witnesses to participate only a short drive away from Limestone to the Huntsville courthouse instead of a several-hour drive to the Montgomery courthouse. Limestone's placement in the Northern District of Alabama also puts that court in a better position than this one to compel process and secure attendance of all who may need to participate in the litigation.

As the district where the events giving rise to the lawsuit occurred and which houses most of the parties and witnesses, trial efficiency and the interests of justice, based on the totality of the circumstances, weigh heavily for transfer to the Northern District of Alabama, Northern Division.

## V. CONCLUSION

Accordingly, it is **ORDERED** that this case, and all pending motions, shall be **TRANSFERRED** to the United States District Court for the Northern District of

Alabama, Northern Division, pursuant to 28 U.S.C. § 1404(a).  The Clerk of Court is **DIRECTED** to take the necessary steps to effectuate the transfer.

**DONE** on this the 22nd day of May 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE